IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| BEN BROWN & SARA BROWN | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | |
| | § | |
| JEANNEAU AMERICA INC., et al. | § | Case No. 3:14-cv-00499-jdp |
| | § | |
| *Defendants/Third-Party Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| NORTHLAND CHEMICAL CORPORATION | § | |
| Serve On:     Jake Biesanz, COO | § | |
|                        1170 Eagan Industrial Road | § | |
|                        Eagan, Minnesota 55121 | § | |
| and | § | |
| | § | |
| MEDO INDUSTRIES, INC. | § | |
| Serve On:     CT Corporation System | § | |
|                        Registered Agent | § | |
|                        811 Dallas Street | § | |
|                        Houston, Texas 78701 | § | |
| and | § | |
| | § | |
| ZORBX, INC. | § | |
| Serve On:     Issa M. Mabrouk | § | |
|                        Registered Agent | § | |
|                        38200 Royalton Road | § | |
|                        Eaton Township, Ohio 44044 | § | |
| | § | |
| *Third-Party Defendants* | § | |

## THIRD-PARTY COMPLAINT

Third-Party Plaintiff, Jeanneau America, Inc. (hereinafter referred to as "Jeanneau") by Hartman and Egeli, LLP and C. Edward Hartman III, and Reinhart, Boerner, Van Deuren s.c. and Lynn M. Stathas, its attorneys, hereby files its Third-Party Complaint against Defendants

Northland Chemical Corp., Medo Industries, Inc. and ZorbX, Inc., pursuant to Federal Rule of Civil Procedure 14, and states in support thereof:

## Statement of the Case

1. This dispute arises out of Benjamin Brown and Sara Brown's (hereinafter the "Browns") claims regarding alleged damages resulting from a diesel spill on a vessel manufactured by Jeanneau (hereinafter the "Boat) and formerly owned by the Browns. The Browns assert products liability claims, negligence claims, and breach of warranty claims against Jeanneau alleging defective manufacturing of the Boat and failure to warn the Browns of the alleged condition of the Boat. The Browns also sued Superior Charters, Inc. (hereinafter "Superior"), the dealer of the Boat and entity that made attempts to clean up the diesel spill.

2. Jeanneau denies any and all liability for the claims, allegations, and damages asserted in Plaintiff's Complaint.

## Parties

3. Plaintiffs in the underlying case, Benjamin Brown and Sara Brown (hereinafter the "Browns"), are husband and wife, former owners of the Boat, and reside in Elsah, Illinois.

4. Jeanneau America, Inc. is a corporation formed and organized under Delaware law, and maintains its principal place of business sin Annapolis, Maryland. Jeanneau is the manufacturer of the Boat.

5. Superior Charters, Inc. is a corporation formed and organized under Minnesota law, and maintains its principal place of business in Bayfield, Wisconsin. Superior is the dealer who sold the Boat to the Browns and conducted the cleanup of the alleged diesel spill.

6. Northland Chemical Corp. (hereinafter "Northland") is a corporation existing under the laws of Minnesota, and its principal place of business is located in Eagan, Minnesota. Northland is the manufacturer of one of the cleaning products used to remove the diesel spill and odor from the Boat. The cleaning product was sold in the State of Wisconsin where this action is pending.

7. Medo Industries, Inc. (hereinafter "Medo") is a corporation existing under the laws of Texas, and its principal place of business is located in Houston, Texas. Medo is the manufacturer of one of the cleaning products used to remove the diesel spill and odor from the Boat. The cleaning product was sold in the State of Wisconsin where this action is pending.

8. ZorbX, Inc. (hereinafter "ZorbX") is a corporation existing under the laws of Ohio and its principal place of business is located in Strongsville, Ohio. ZorbX is the manufacturer of one of the cleaning products used to remove the diesel spill and odor from the Boat. The cleaning product was sold in the State of Wisconsin where this action is pending.

9. Jeanneau was the manufacturer of the Boat. The Browns purchased the Boat from Superior, the dealer of the vessel who sold the vessel to Browns and cleaned up the alleged diesel spill.

**Jurisdiction/Venue**

10. This Court has subject matter jurisdiction as the claims alleged herein arise out of the same circumstances and transactions set forth in Plaintiffs' Complaint.

11. This Court has personal jurisdiction over the third-party defendants because the clean up products manufactured by the third-party defendants were sold in the State of Wisconsin and the alleged incident and resulting damages occurred in the State of Wisconsin.

12. Venue is proper as the claims alleged herein arise out of the same circumstances and transactions set forth in Plaintiffs' Complaint.

## Facts Common to All

13. The Browns purchased the Boat from Superior in February 2011. After taking possession of the Boat, the Browns alleged that they discovered a diesel spill in the bilge of the Boat.

14. The Browns allegedly returned the Boat to shore upon discovery of the spill and removed diesel from the bilge. Thereafter, the Browns notified Superior of the diesel spill.

15. During the course of the attempted cleanup diesel spill, Superior and other unidentified individuals used three cleanup products. The Browns allegedly developed a strong reaction to the chemicals in the cleanup products resulting in various symptoms and other damages alleged by the Browns.

16. Superior made three separate attempts to clean up the diesel fuel, removing the fuel with cleaning and masking products manufactured by Northland, Medo, and ZorbX.

17. During the course of the cleanup and after the cleanup, the Browns allegedly developed reactions to the cleaning and masking products used to remove the diesel spill and odor.

18. The Browns allege damages resulting from exposure to the cleaning and asking products.

## COUNT I - Contribution and Indemnification Claim

19. Jeanneau incorporates the averments of Paragraphs 1 through 17.

20. The alleged damages set forth in Plaintiffs' Complaint were not caused or contributed to by Jeanneau's design, manufacture, assembly, distribution and/or sale of a defective product, Jeanneau's negligence, or breach of any warranty.

21. Federal Rule of Civil Procedure 14(a)(1) provides, in pertinent, that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."

22. Without admitting to any liability for the allegations and claims set forth in Plaintiffs' Complaint, in the event that this Court or jury finds Jeanneau liable to Plaintiffs for any damages in the above-captioned case, Jeanneau will establish that Northland, Medo, and/or ZorbX, the manufacturers of the cleaning and masking products, caused and/or is responsible for the alleged damages asserted by Plaintiffs.

23. Without admitting to any liability for the allegations and claims set forth in Plaintiffs' Complaint, in the event that this Court or jury finds Jeanneau liable to Plaintiffs for any damages in the above-captioned case, Jeanneau will establish that Northland, Medo, and/or ZorbX, the manufacturers of the cleaning and masking products, were the sole and/or superseding cause of Plaintiffs' alleged injuries and damages.

24. Without admitting to any liability for the allegations and claims set forth in Plaintiffs' Complaint, in the event that this Court or jury finds Jeanneau liable to Plaintiffs for any damages in the above-captioned case, Jeanneau will establish that it is entitled to contribution and/or indemnification from Northland, Medo, and/or ZorbX.

   WHEREFORE, Defendant Jeanneau America, Inc. respectfully prays that this Honorable Court, in the event that Plaintiffs recover judgment, all or any portion thereof, against Jeanneau America, Inc. enters judgment against Defendant Northland Chemical Corp., Medo Industries, Inc., and ZorbX, Inc. and in favor of Jeanneau America, Inc. for contribution and/or indemnification,

including attorney's fees and expenses, and grant any such other relief justified under the law.

**Jury Demand**

Jeanneau hereby files its demand for a jury trial on the claims set forth herein.

Dated this 10th day of November, 2014,

By: *s/ C. Edward Hartman, III*
    C. Edward Hartman, III
    ed@hartmanegeli.com
    Hartman and Egeli, LLP
    116 Defense Highway, Suite 300
    Annapolis, Maryland 21401
    Telephone: 410-266-3232
    Facsimile: 410-266-5561
    **ATTORNEY FOR JEANNEAU AMERICA, INC.**

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2014, I served a copy of the foregoing Third-Party Complaint against Northland Chemical Corp., Medo Industries, Inc., and ZorbX, Inc. by electronic filing, to:

Boris Alexander Kaupp
Reinert Weishaar & Associates, P.C.
812 N. Collins
Laclede's Landing
Saint Louis, MO 63102

Steven G. Carlson
Geoffrey S. Trotier
Von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, Wisconsin 53201-3262

    *s/ C. Edward Hartman, III*
    C. Edward Hartman, III